Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of

State of Nebraska

*Dylon Eric Landers

Case No. 4:17 CV 371

_____
(to be filled in by the Clerk's Office)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

*Nebraska Department of Corrections
*Scott Frakes
*Diane Sabotka-Rine
*members of the "Central Office
multi-Disciplinary Review Team"

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint..

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dylan E. Landers |
| All other names by which you have been known: | |
| ID Number | 72127 |
| Current Institution | Nebraska State Penitentiary |
| Address | P.O. Box 22500 |
| | Lincoln          NE          68542 |
| | *City*          *State*          *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Nebraska Dept. of Correctional Services |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*          *State*          *Zip Code* |

☐ Individual capacity   ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Scott Frakes |
| Job or Title *(if known)* | Director of Corrections |
| Shield Number | |
| Employer | |
| Address | P.O. Box 94661 |
| | Lincoln          NE          68509 |
| | *City*          *State*          *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name Diane Sabotka-Rine

Job or Title *(if known)* Deputy Director - Operations

Shield Number

Employer Nebraska Dept. of Corrections

Address P.O. Box 94661

Lincoln ___ NE ___ 68509
*City* ___ *State* ___ *Zip Code*

☒ Individual capacity ☒ Official capacity

Defendant No. 4

Name Central Office Multi-Disciplinary-

Job or Title *(if known)* Review team" members

Shield Number

Employer Nebraska Dept. of Corrections

Address

*City* ___ *State* ___ *Zip Code*

☒ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

5th amendment, 8th amendment, 14th amendment Due Process rights, State laws including L.B.598 SEE ATTACHMENT "A"

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(See attachment "B")

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.
The events began 5/17/2015 at the Tecumseh State Correctional Institute, and continue on to present-day at the Nebraska State Penitentiary.

(See attachment "C")

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

Began 5/17/2015, still going on today.
(see attachment "C")

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See attachment "C")

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(See Attachment "D")

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Nebraska State Penitentiary, and Tecumseh State Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Both facilities; Tecumseh State Correctional Institution, and the Nebraska State Penitentiary

2.   What did you claim in your grievance?

(See attachment "E")

3.   What was the result, if any?

(See attachment "E")

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I exhausted all steps of the grievance process. (See attachment "E")

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

_____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed,
        when and how, and their response, if any:

_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative
       remedies.

   The claims as pertains to what I have
   are not entertained by Administrative
   remedies or the Grievance Process.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying
the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility,
brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?
    ☐ Yes
    ☐ No
    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

3.   Docket or index number

4.   Name of Judge assigned to your case

5.   Approximate date of filing lawsuit

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _10/2/2017_

Signature of Plaintiff  _Dylander_

Printed Name of Plaintiff  _Dylan Landers_

Prison Identification #  _72127_

Prison Address  _P.O. BOX 22500_

_Lincoln_  _NE_  _68542_
City  State  Zip Code

### B.  For Attorneys

Date of signing:  _____

Signature of Attorney  _____

Printed Name of Attorney  _____

Bar Number  _____

Name of Law Firm  _____

Address  _____

_____
City  State  Zip Code

Telephone Number  _____

E-mail Address  _____

# Jurisdiction

1.) The court has jurisdiction over the Plaintiff's claims of violation of federal Constitutional rights under 42 U.S.C. 1331 (1) and 1343.

2.) The court has supplemental jurisdiction over the Plaintiff's State law claim of violation of L.B. 598 and included State statutes, APA statutes, with emphasis towards 83-4, 114, and State law created liberty interests and Due Process rights.

Plaintiff - Dylan Landers

Attachment "A"

Pg. 1 of 2

## Introduction

This is a civil rights action filed by Dylan E. Landers, a state prisoner, for injunctive relief under 42 U.S.C. 1983, alleging confinement in segregation, repeated confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the constitution, depriving me of Liberty as pertains to normal prison life of the Fifth and Fourteenth Amendment, and the Eighth Amendment by subjecting me to cruel and particularly unusual punishment as was acknowledged by Director Frakes when he did an interview with local news agencies where he identified the use of prolonged segregation as counter-productive, and harmful by "Making inmates worse".

The Plaintiff also alleges the Nebraska Department of Corrections is also actively violating State law under L.B. 598 which says Inmates are to be held under the least restrictive manner, and also that the Dept. of Corrections

Can only restrict inmates from things/
privileges they specifically abuse.
Currently the Plaintiff is not allowed
to shower, use the telephone, nor recieve
any vissitation from family despite
having no violations to them. The
Defendants Violate L.B. 598 83-4,114.



10/2/2017

Dylan E. Landers

# Attachment "B"

Defendant #1 acted under color of law by being a Governmental agency set forth by the State of Nebraska which has official authority over prisoners, which is misusing power posessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law. Defendant #1 is grossly negligent in supervising subordinates; Supervisors custom results in deliberate indifference to constitutional rights, specifically the 5th, 8th, and 14th amendments plus state laws and regulations.

Defendants #1, #2, and #3 all are in a supervisory positions, and have been directing Subordinates to act with indifference to constitutional rights of prisoners unlawfully. They have set in-motion a series of directed acts with the members of the "Central office Multi-Disciplinary review team"'s for acquiscence in the constitutional deprivation by Subordinates, and for conduct that shows a "reckless or callous indifference to the rights of others.

Defendants #1, #2, #3, and #4 all are employed through the State of Nebraska which thereby gives them the ability and opportunity to misuse the power vested within them. All four defendants act under color of state law.

Plaintiff — Dylan Landers

pg 1 of 9

Attachment "C"

## Statement Of Claims

On May 17th 2015, I Dylan E. Landers, the plaintiff in this case was an inmate at the Tecumseh State Correctional Institute operated under the Nebraska State Department of Corrections. On this date, I was taken from General Population and placed in the Special Management Unit on Immediate Segregation. I was told by prison officials I was being investigated for involvement in the week-earlier riot, and pending criminal charges. I never was issued any misconduct report relating to any kind of misconduct of that riot, as was a very high percentage of inmates were who were placed on Immediate Segregation. I was eventually placed on Administrative Confinement and told I was "pending the outcome of an external investigation regarding the 5/10/15 disturbance", and would be released once the "investigation has concluded". I remained on Administrative Confinement until February 4th 2016, when I was classified as General Population, and my Administrative Segregation was over. However, I was left in the special management unit

(Which was incorrectly labeled as a
General Population due to it not
meeting the Departments own
qualifications and definition of
General Population having a minimum
of six-hours out-of-cell time). On
April 19th 2016 I was placed back on
the label of immediate segregation,
which then turned into another
classification action of me being
placed on Administrative Confinement.
Once again, I was told I was "pending
the outcome of an external investigation
regarding the 5/10/15 disturbance."
Although I was never actually
allowed back to General Population
as my classification stated, I was
re-segregation as pertains to the
official paperwork eventhough I
had never been out of segregation
or the Special Management Unit.
I was subsequently told by
Deputy Warden Scott Busboom that
I was never supposed to have been
classified as General Population,
calling it "a mistake." I remained
on "Administrative Confinement" until

the summer of 2016, when the Department
relabeled "Administrative Confinement" to be
called "Long-term Restrictive Housing", which
subsequently the title of my classification
changed to "Long-term Restrictive Housing",
or LTRH for short. The basis and the
treatment under LTRH is the same
as that of Administrative Confinement,
and only renamed due to L.B.598
that was passed that year by the
Nebraska legislature. I remained
on LTRH until February 15th 2017,
when i was removed and placed
in General Population following my
transfer from Tecumseh to Lincoln
at the Nebraska State Penitentiary,
where i currently reside. Throughout
the twenty-one months and that i
was held in the special management
Unit at TSCI, i appealed the egregious
use of my confinement despite having
not any misconduct reports, which all
were upheld, and even personally wrote
to Director and Scott Frakes. He,
along with his Deputy Director Diane
Sabatka-Rine have all written me
back telling me that i would remain

In restrictive Housing Segregation
and that once the "external
investigation has concluded", I would be
allowed back to General Population.
On 2/15/2017 I was released from
Segregation and officially placed on
General Population. On March 8th,
2017, exactly 21 days later, I was
in my cell when several correctional
Officers come to me and told me I
was going back to Segregation and
placed back on "immediate Segregation
Pending the outcome of an external
investigation", Stating It was about
my involvement in the 5/10/2015 riot
at TSCI. Staff told me that they
were told by the Warden and the
"Administration", that I was going to be
"imminently charged", and that's
why they were to bring me back to
Segregation. I once again was
never issued any misconduct report.
Unit Staff acting on orders issued
to them by the Warden, copied-and-
posted the paragraph of which was
the alleged reason for my confinement
for the previous 21 months, which
reads " On 5/10/2015 at TSCI, inmate

Landers, Dylan, # 72127 was involved in a large inmate disturbance. During the course of this disturbance, staff members were assaulted, housing units were set on fire, and two inmates were murdered. Inmate Landers is currently the subject of an ongoing investigation regarding the disturbance." Immediately I appealed this repeated act to the Warden questioning the legality among other things. On 4/6/2017, I was informed by staff that the members of the "Central Office Multi-Disciplinary Review Team" whom were in-charge of accepting or denial of my repeated LTRH placement, told the staff that they would need a different reason to place on the paperwork other than the real reason of the alleged investigation to mitigate any potential litigation I may bring forth. Staff informed me then that Deputy Director Diane Sabatka-Rine ordered them to file an extension for my immediate segregation so they could alter the paperwork. The very next day, on 4-7-2017, I was given another, but new Referral for

Long-term Restrictive Housing which still refers to the alleged "ongoing investigation regarding the [5/10/15] disturbance". It changed its main reason to staff having supposed "specific and reliable information that" ... I am "an active member in the 'Peckerwoods' security threat Group and has engaged in dangerous or threatening behavior." It also says my segregation is "necessary to mitigate the risk of his committing future serious assaults." Not only have I never committed any assault, ever, I have not even been in a single fight in over 6 years. I also have not had any "security threat" misconduct reports in 3 years. I asked staff why they added these new false accusations, and they told me it was Administration, i.e: Director Frakes and Deputy Director Diane Sabatka-Rine, who changed it, with the intent to keep me in segregation. Since then, I've participated in the Review process, which is supposed to be a process where we have a chance through good behavior etc. to be

"transitioned to a less-restrictive environment", as the prison regulations along with L.B. 598 mandates, but I'm not being afforded this. The review process is already pre-ordained by the Director to not allow me to be let out of segregation. After I completed a program called METEOR class, which was supposed to be a last step before you get out of segregation, my unit manager, unit case manager, and unit staff sergeant recommended me to be removed from restrictive housing on 8/25/2017. On 8/31/2017, the Warden denied the request at the behest of the Deputy Director Diane Sabatka-Rine. I appealed this once again, and Director Frakes denied me and upheld my segregation for another 90-days.

I ask the court to note the fact that the Director Scott Frakes, Deputy Director Diane Sabatka-Rine, and the members of the "Central Office Multi-Disciplinary Review Team", all told me that I would be removed from segregation once the alleged investigation concluded, which was before February 15, 2017 when

I was ~~there~~ removed from segregation
and placed on General Population. While
I was on General Population, I never
had any trouble and not a single misconduct
report against me. Also, if I were
such a "security threat", then why
would I ever have been allowed back
to General Population in the first place.
There is conflicting statements from
the NDOCS itself when Director Scott
Frakes appeared on the local news
and told the public that the investigation
into the 5/10/15 riot at TSCI had concluded
and all the while still holds me in the
most restrictive manner possible under
the allegation of being "under investigation".
Due to statements made by the NDOCS
and Director Frakes himself to the
news media which have been patently
false and outright lies, I had family
inquire as to whether such an
"investigation" into myself even existed.
The lead investigator of the case at
the Nebraska State Troopers office
said I was "NOT under investigation"
by them, and that the NDOCS was
"doing their own thing". Which clearly

Conflicts everything. Director Frakes and NDOCS itself have been practicing a culture by punishing inmates who don't do their job for them, i.e. they currently have completely restricted all inmates at NSP from taking any Showers, having any visits, or using the telephone due to a very small number of inmates being suspected of supposedly having drug addictions, even those whom have clearly nothing to do with it. They say we have to (inmates) Solve other inmates drug addictions, or we cant have the basic rights set forth to us in L.B. 598 83-4,114. Which says NDOCS cant restrict us from things like showers, unless we abuse such privitedges. I believe there is insufficient, and/or no evidence at all to support my segregation based upon any of the allegations leveled at myself.

Dylan E. Landers # 72127
P.O. Box 22500
Lincoln, NE
68542

10/2/2017

(Attachment "D")

pg 1 of 3

## Relief Requested

Wherefore, Plaintiff requests that the Court grant the following relief:

A., Issue an injunction ordering defendants #1 Nebraska Department of Correctional Services, #2 Director Scott Frakes, and #3 Deputy Director Diane Sabatka-Rine to:

1., Release the plaintiff from segregation also called Restrictive Housing, and place him in General Population, with restoration of all rights and privileges afforded to it.

2., Cease all placements upon the plaintiff in any form of "Alternative Housing", and any or/all other forms of lesser freedom or liberty than that of the General Population inmates.

3., Cease all restrictions that have deprived the plaintiff of the ability to Shower, use the telephone, and have visits which he has not specifically abused as Stated in I.B. 598.

B. Issue a declaratory judgement Stating that:

1., Segregating the plaintiff under

# Relief Requested

allegations of an "external investigation" when little or no such investigation is going on over a total of approximately 29 months is a violation of Plaintiff's 5th and 14th amendment, as well as 8th amendment and the Due Process Clause of the 14th amendment to the United States Constitution.

2.) Holding Sham reviews where nothing the Plaintiff does or says will change the outcome of his Segregation violates Plaintiff's Due Process rights.

3.) Director Scott Frakes has attempted to harm the Plaintiff by holding him in prolonged Restrictive Housing and Segregation after acknowledging the harmful affects and very counterproductive results of it to local news outlets.

C.) Award Compensatory damages for the costs incurred upon the Plaintiff for filing this suit, and any other costs related thereto.

D.) Grant such other relief as it may appear that Plaintiff is entitled.

## Relief Requested

E.   Issue an injunction ordering Defendants #4, the members of the "Central Office Multi-Disciplinary Review Team" to cease the action of being "rubber stamps" and approving segregational classifications when little or no factual evidence exists, just based on one-liner accusatory statements when inmates have no access to what is relied upon or the inefficacies thereof.

Dylan Landers
10/2/2017   Landers

(Attachment E)
A13
NSP

LANDERS, DYLAN #72127
2017-2050

## NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES
## GRIEVANCE FORM
### Step Two
### Central Office Appeal
### RESPONSE AND REASONS FOR DECISION REACHED

Inmate Name:           LANDERS, DYLAN

Inmate Number:         72127

Date Received:         4/14/17

Grievance Number:      2017-2050

Subject:               Non-Grievable Matter

Response:

You contend while housed at the Nebraska State Penitentiary (NSP) that you believe you are being wrongfully placed in Restricted Housing for your involvement in the May 10, 2015 riot at Tecumseh State Correctional Institution. Pursuant to Title 68 of the Nebraska Administrative Code (Chapter 2), Section 002, "Any topic may be the subject of a grievance except matters over which the Department has no control, classification actions, and inmate disciplinary actions." Your current grievance involves a classification action which cannot be addressed through the grievance process.

___4/19/2017___                    ___Mark Boyer___
Date                               Director's Designee

## NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES
### GRIEVANCE FORM
### Step Two
### CENTRAL OFFICE APPEAL

2017 2050

INSTRUCTIONS:
TYPE OR USE BALL POINT
PEN. IF MORE SPACE IS
NEEDED, USE ATTACHMENT
SHEET IN TRIPLICATE.

From: Landers, Dylon, E          72127          NSP
      LAST NAME,   FIRST,   MIDDLE INITIAL    NO./GROUP      INSTITUTION

**Part A – REASON FOR APPEAL:**

The response of the step one grievance was very acutely back-dated to 3/30/17, therefore, see staff signature dated 4-11-17 to prove I never was sent this on that day, and in-fact was received today (4-11-17).

* By signing below, staff confirms the copy of the step-one grievance was recieved by on 4-11-17.

Cpl. JONES
print

signature

4-11-2017
DATE                                    SIGNATURE

*THE COMPLETED INSTITUTIONAL GRIEVANCE FORM, INCLUDING THE CHIEF EXECUTIVE OFFICER'S/SUPERINTENDENT'S RESPONSE, MUST ACCOMPANY THIS APPEAL.

### Part B – RESPONSE AND REASONS FOR DECISION REACHED

4/19/17
DATE                                    Mark Boyer
                                        DIRECTOR

ORIGINAL: TO BE RETURNED TO INMATE/STUDENT AFTER COMPLETION.

### Part C – RECEIPT

Return to: Landers     Dylan          72127          NSP
           LAST NAME,  FIRST,  MIDDLE INITIAL   NO./GROUP    INSTITUTION

I acknowledge receipt this date of the above inmate's/student's appeal from the response received from the following complaint: 2017-2050

Non-Grievable Matter

04-14-17
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

DCS-A-adm-037 (2/97)          Printed with soy ink on recycled paper

3/27/17

## NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES
## GRIEVANCE FORM
### Step One
### CHIEF EXECUTIVE OFFICER

INSTRUCTIONS:
TYPE OR USE BALL POINT
PEN. IF MORE SPACE IS
NEEDED, USE ATTACHMENT
SHEET IN TRIPLICATE.

From: Landers, Dylon, E          72127          NSP - C.U.

LAST NAME,   FIRST,   MIDDLE INITIAL          NO.          FACILITY/HOUSING UNIT

### Part A – INMATE REQUEST/CONCERN:

The "department" has complete control over harrassing me by placing me in segregation for something three times. I was let out for this exact same thing twice now. This is NOT an "investigation" per the Lead Investigator Bryant Jones of the Ne. State Troopers who has said many times that i am not being investigated. I was told in written letter by the director Scott Frakes that i would be sent back to G.P. Once this fake investigation concluded, which i then got out for the second time at NSP g.p. on 2/15/17. I never received any misconduct report, not only for the pretend investigation, but

3/27/17

DATE     also while i was on G.P. SIGNATURE OF REQUESTOR

Nobody can even allege any misconduct against me

### Part B – RESPONSE AND REASONS FOR DECISION REACHED

due to the Fact that there is no misconduct ive done. It has become obvious by my re-segregation despite any new events that the NDOCS is trying to go around the law by releasing me to G.P. right before i've got 365 days in segregation and then re-seg me and push it right up to the year mark again. and repeat. Therefore being able to keep me segregated without having to publish a reason which I would demand.

DATE          CHIEF EXECUTIVE OFFICER
3-27-17

ORIGINAL: TO BE RETURNED TO INMATE AFTER COMPLETION.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES

# GRIEVANCE FORM
## Step One
### CHIEF EXECUTIVE OFFICER

> INSTRUCTIONS:
> TYPE OR USE BALL POINT
> PEN. IF MORE SPACE IS
> NEEDED, USE ATTACHMENT
> SHEET IN TRIPLICATE.

From: Landers, Dylon, E          70127          NSP C.U.
LAST NAME,     FIRST,    MIDDLE INITIAL          NO.          FACILITY/HOUSING UNIT

## Part A – INMATE REQUEST/CONCERN:

... Continued

3/27/2017
DATE

SIGNATURE OF REQUESTOR

## Part B – RESPONSE AND REASONS FOR DECISION REACHED

Mr. Landers,

Per NDCS Rules and Regulations Title 68, Chapter 2-002, any topic may be the subject of a grievance except matters over which the Department has no control, classification actions, and inmate disciplinary actions. In this grievance you are grieving a disciplinary action; disciplinary actions are appealable under the procedure described in Chapter 6 of the NDCS Rules and Regulations Title 68.

3/30/17
DATE

Recieved on 4/11/17

CHIEF EXECUTIVE OFFICER

ORIGINAL: TO BE RETURNED TO INMATE AFTER COMPLETION.

**NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES**
**INFORMAL GRIEVANCE RESOLUTION FORM**
**UNIT STAFF**

A 13

**FROM:** Landers, Dylon, E     72127     NSP CU A13

Last Name, First, Middle Initial    Number     Facility/Housing Unit

---

**PART A: Inmate Request/Concern.**

This grievance is in relation to the NDOC placing me in segregation for the exact same thing "pending investigation" 3 times relating to the May 10, 2015 riot at tecumseh. I was placed on IS 5/17/15 then released to G.P.West 2/4/16. Then re-IS'd again for the same thing on 4/18/16, then released to G.P. at NSP, ~~then released again~~ on 2/15/17. Then re-I.S'd for the 3rd time on 3/8/17. All for the same fake investigation

3/12/17
Date

Signature

---

**PART B: Response and Reason(s) for Decision Reached.**

Pursuant to NDCS Rules and Regulations, Chapter 002.02 any topic may be the subject of a grievance except matters over which the Department has no control, classification actions and Inmate disciplinary actions. In this grievance you are grieving a classification action. You may appeal this classification in accordance with the procedures described in the Administrative Regulation 201.4 addendum

3/27/2017
Date

Braunsroth , UCM     Page 1 of 1
Signature

**NOTE:** A copy of this completed *Informal Grievance Resolution Form* must accompany any *Step 1 Institutional Grievance Form.*



Inmate Name
Inmate Number
Box 22500
Lincoln, NE 68542-0500
Notice: This correspondence was mailed from the Nebraska State Penitentiary. Its contents are uncensored.

RETURN RECEIPT
REQUESTED

RECEIVED
OCT 6 - 2017
CLERK
U.S. DISTRICT COURT

Roman L. Hruska Federal Courthouse
of the court
111 South 18th Plaza
Suite 1152
Omaha, NE
68102