IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN ERIC LANDERS,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DIANE SABATKA-RINE, J. BEATY, Research Representative; C. CONNELLY, Intelligence Representative; M. ROTHWELL, Classification Representative; and S. BRYANT, PsyD, Mental Health Representative;<br><br>            Defendants. | 8:17CV371<br><br>**MEMORANDUM<br>AND ORDER** |

     This matter is before the court on Plaintiff's Motion for Appointment of Counsel (filing no. 66) with supporting brief (filing no. 67) and Motion to Extend Response to Defendants' Summary Judgment or Stay (filing no. 68).

     Plaintiff renews his request for the appointment of counsel and argues that he cannot adequately respond to and rebut the Defendants' evidence and arguments offered in support of their Motion for Summary Judgment (filing no. 63) because Plaintiff is unable to review the two exhibits filed under seal (*see* filing nos. 60–62) upon which Defendants rely. Plaintiff also cites to his minimal level of education and "continued placement in solitary confinement" as grounds for appointing counsel. (Filing No. 67 at CM/ECF pp.2–3.)

     The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the

plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.*

Here, this case is not factually or legally complex. Like all individuals untrained in the law, Plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter at this time. To date, Plaintiff has demonstrated competent ability to present his claims through clear and organized pleadings. As for Plaintiff's inability to review the two exhibits filed under seal, the court has reviewed the exhibits and concludes Plaintiff's lack of access to the exhibits should not hinder his ability to challenge the Defendants' evidence. *See Beck v. Delo*, 62 F.3d 1421 (8th Cir. 1995) (per curiam) (unpublished) (finding district court did not abuse its discretion in denying plaintiff inmate's motion for counsel where inmate argued that, because defendants filed some summary judgment exhibits under seal, the denial of appointed counsel prevented him from rebutting defendants' evidence). Having considered all the relevant factors, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

In conjunction with his motion for counsel, Plaintiff also filed a request for an extension of time to file a response to the Defendants' summary judgment motion. (Filing No. 68.) In light of the court's ruling on Plaintiff's motion for counsel and upon due consideration of Plaintiff's request, the court will grant Plaintiff an additional 30 days to file a response to the Defendants' Motion for Summary Judgment.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Appointment of Counsel (filing no. 66) is denied without prejudice to reassertion.

2. Plaintiff's Motion to Extend Response to Defendants' Summary Judgment or Stay ([filing no. 68](#)) is granted. Plaintiff shall have until December 27, 2018, to file a brief in response to the Defendants' Motion for Summary Judgment.

3. The clerk of the court is directed to set the following pro se case management deadline: **December 26, 2018**: check for Plaintiff's brief in response to Defendants' summary judgment motion.

Dated this 26th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge