IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN ERIC LANDERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>SCOTT FRAKES, DIANE SABATKA-RINE, J. BEATY, Research Representative; C. CONNELLY, Intelligence Representative; M. ROTHWELL, Classification Representative; and S. BRYANT, PsyD, Mental Health Representative;<br><br>    Defendants. | **8:17CV371**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Plaintiff's Motion for Extension of Time (filing no. 71) and Motion to Lift Stay of Discovery (filing no. 72). Plaintiff seeks to extend his time to respond to Defendants' Motion for Summary Judgment and also asks the court to lift the stay of discovery granted to Defendants (*see* filing nos. 50 & 52) and compel Defendants to respond to Plaintiff's previously-filed Motion for Production of Documents and Interrogatories (filing no. 48). The court will grant Plaintiff's request for an extension of time but deny his motion to lift the stay of discovery for the reasons that follow.

  As the court stated in the orders staying discovery (filing no. 52) and denying Plaintiff's opposition to Defendants' motion for a stay (filing no. 54), Plaintiff may file a *properly supported* motion pursuant to Federal Rule of Civil Procedure 56(d) to obtain court approval to conduct limited discovery regarding issues raised by Defendants in their summary judgment motion. Federal Rule of Civil Procedure 56(d) sets forth that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998). Rule 56(d) does not condone a fishing expedition. *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997).

Here, Plaintiff's present motion does not satisfy the requirements of Rule 56(d) nor does it explain how Plaintiff's previously-filed discovery requests (filing no. 48) are essential to resist Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's Motion to Lift Stay of Discovery (filing no. 72) is denied. However, to be clear about deadlines and to efficiently progress this matter,

IT IS ORDERED that:

1. Plaintiff's Motion to Lift Stay of Discovery (filing no. 72) is denied.

2. Plaintiff is given **14 days** in which to file a motion pursuant to Federal Rule of Civil Procedure 56(d). In support of such motion, Plaintiff must file an affidavit or declaration that plainly sets forth (1) the specific facts he hopes to elicit

from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.

3. If Plaintiff timely files a Rule 56(d) motion, Defendants will have **14 days** in which to respond it. The court will then adjust deadlines accordingly.

4. If Plaintiff does not file a Rule 56(d) motion within 14 days, he will have until **January 29, 2019**, to file a response to Defendants' summary judgment motion. Plaintiff's Motion for Extension of Time ([filing no. 71](filing no. 71)) is, therefore, granted.

5. The clerk's office is directed to set the following pro se case management deadline: **January 29, 2019**: Check for Plaintiff's Rule 56(d) motion and response from Defendants or Plaintiff's response to summary judgment motion.

Dated this 27th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge