IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN ERIC LANDERS,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DIANE SABATKA-RINE, J. BEATY, Research Representative; C. CONNELLY, Intelligence Representative; M. ROTHWELL, Classification Representative; and S. BRYANT, PsyD, Mental Health Representative;<br><br>                Defendants. | 8:17CV371<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the court on Plaintiff's "Motion for Discovery under Federal Rule of Civil Procedure 56(d)" (filing no. 77) and Declaration in support of the motion (filing no. 78) and Defendants' Reply and Opposition to Plaintiff's Rule 56(d) motion (filing no. 79).

      Defendants previously filed a Motion to Stay Discovery (filing no. 50) pending the court's resolution of the issue of qualified immunity, which the court granted on July 26, 2018 (filing no. 52). On November 5, 2018, Defendants filed a Motion for Summary Judgment based upon qualified immunity. (Filing No. 63.) Plaintiff filed a motion for extension of time to respond to Defendants' summary judgment motion and a motion asking the court to lift the stay of discovery. (Filing No. 71; Filing No. 72.) I granted Plaintiff additional time to respond to the summary judgment motion, denied his request to lift the stay of discovery, and gave Plaintiff until January 10, 2019, to file a properly supported motion pursuant to Rule 56(d). (Filing Nos. 73 & 76.) Plaintiff filed the present motion and

supporting declaration on January 7, 2019, and Defendants filed their reply in opposition.

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998). Rule 56(d) does not condone a fishing expedition. *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997).

Upon careful consideration, I will deny Plaintiff's motion for discovery because it does not satisfy the requirements of Rule 56(d). Specifically, and as Defendants indicate in their reply, Plaintiff's motion does not show by affidavit "specific facts further discovery might uncover," *Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (quoting *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008)), but rather the sought-after "facts" asserted by Plaintiff constitute argument, legal conclusions, and/or are not relevant to the qualified immunity issue raised in Defendants' summary judgment motion. For this and other good and

sufficient reasons to deny the request (*see, e.g.*, Defendants' Reply to Plaintiff's Motion Pursuant to F.R.C.P. 56(d), Filing No. 79 at CM/ECF pp. 2–3),

IT IS ORDERED that:

1. Plaintiff's "Motion for Discovery under Federal Rule of Civil Procedure 56(d)" (filing no. 77) is denied.

2. Defendants shall have until **February 4, 2019**, to file a reply to Plaintiff's "Statement of Facts in Opposition to Defendants' Summary Judgment" (filing no. 74) and "Affidavit and Declaration in Opposition to Defendants' Motion for Summary Judgment" (filing no. 75). After the court receives Defendants' reply, the court will consider Defendants' summary judgment motion (filing no. 63) to be fully submitted and ready for decision.

Dated this 28th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge